OPINION
{¶ 1} On February 1, 2001, appellant, Geoffrey Oglesby, was cited for excessive speed in violation of R.C. 4511.21, a misdemeanor of the third degree. A jury trial commenced on September 26, 2001. The jury found appellant guilty. By journal entry filed same date, the trial court sentenced appellant to jail time, imposed a fine and a probationary period, and suspended his driver's license for ninety days. The trial court stayed the sentence pending appeal.
 {¶ 2} This court affirmed the conviction. State v. Oglesby (June 27, 2002), Morrow App. No. CA-939. On July 3, 2002, the state filed a motion to impose the stayed sentence. A hearing was held on December 16, 2002. By journal entry filed December 24, 2002, the trial court granted said motion.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The verdict was against the manifest weight and sufficiency of the evidence when the state fails to introduce certified copies of judgment of conviction on an enhanced speeding ticket and that ticket is defective."
 II {¶ 5} "The trial court committed prejudicial error by sentencing the defendant twice and enhancing the sentence."
 I {¶ 6} Appellant claims the verdict was against the manifest weight of the evidence because the evidence did not include certified copies of a judgment of conviction on an enhanced speeding violation, and the ticket was defective. We disagree.
 {¶ 7} This is an untimely challenge to the evidence presented. This second appeal is from the trial court's December 24, 2001 journal entry wherein the trial court imposed the September 26, 2001 sentence which had been stayed as a result of a timely notice of appeal. In the first appeal, appellant claimed the following two assignments of error:
 {¶ 8} "The trial court did not have jurisdiction on a citation wherein the ticket indicates `6th offense within in (SIC) 12 months' and does not indicate that it is violation of 4511.99(D)(1)(C) and that it is a third degree misdemeanor.
 {¶ 9} "The trial court erred by allowing `bmv' records in to prove prior conviction and the evidence was against the manifest weight of the evidence and insufficient to convict."
 {¶ 10} In this court's opinion and judgment entry filed June 27, 2002, we addressed the assignments of error and affirmed the conviction.
 {¶ 11} Based upon the following facts, we find this assignment of error to be untimely and barred by the doctrine of res judicata.[1]
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court erred in sentencing him twice and enhancing the sentence. We agree in part.
 {¶ 14} By journal entry filed September 26, 2001, the trial court sentenced appellant to sixty days in jail and imposed a $500.00 fine. Fifty days and $250.00 were suspended in lieu of good behavior for a probationary period of one year. The trial court also suspended appellant's driver's license for ninety days. This sentence was in effect until the trial court stayed the imposition of the sentence on October 11, 2001.
 {¶ 15} After appeal, the trial court imposed the original sentence pursuant to R.C. 2949.05 which states as follows:
 {¶ 16} "If no appeal is filed, if leave to file an appeal or certification of a case is denied, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant."
 {¶ 17} Pursuant to said section, the trial court was authorized to impose the original sentence therefore, appellant was not sentenced twice. However, in its journal entry of December 24, 2002, the trial court ordered appellant's one year probationary period to commence on December 16, 2002 and the ninety day license suspension to commence on December 17, 2002. We find it was error to not credit appellant for the fifteen day time period between September 26, 2002 and October 11, 2001. We hereby order that appellant's one year probationary period expires on December 1, 2003 and his ninety day license suspension expired on March 2, 2003.
 {¶ 18} Assignment of Error II is granted in part.
 {¶ 19} The judgment of the Municipal Court of Morrow County, Ohio is hereby affirmed and judgment is entered accordingly.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
[1] We note during oral argument, appellant withdrew his argument against res judicata and argued double jeopardy.